**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald LOWE, Defendant–Appellant.**

**No. 02–4311.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 20, 2003.

Decided Oct. 20, 2003.

Before Hon. WILLIAM J. BAUER, Hon. FRANK H. EASTERBROOK, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Donald Lowe was already wanted for drug-trafficking offenses in Georgia and Texas when he had an armed run-in with a federal agent at a motel in Calumet Park, Illinois. He escaped from that confrontation but was captured two days later. After being convicted in Georgia and Texas (receiving concurrent sentences of 10 years and 96 months respectively), he pleaded guilty in Illinois to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and stipulated to having three previous convictions for violent felonies (for robbery, battery, and burglary, all in Florida), 18 U.S.C. § 924(e)(1). He was sentenced to 262 months' imprisonment–the high end of the guideline range. Lowe's appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that he is unable to identify a nonfrivolous issue for appeal. Lowe's response, *see* Circuit Rule 51(b), does not identify any potential issues, instead presenting challenges to *Anders* itself and complaints about inadequate access to legal materials. Counsel's brief is facially adequate, so we confine our review of the record to the potential issues he identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether it would be frivolous to challenge Lowe's plea on the ground that it was not taken in compliance with Federal Rule of Criminal

Procedure 11. But counsel need not have explored the adequacy of the Rule 11 colloquy in his *Anders* submission because neither counsel nor Lowe suggests that Lowe now wishes to withdraw his guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

■ Counsel next considers whether it would be frivolous to challenge the court's determinations concerning relevant conduct—specifically, the court's finding that Lowe used his firearm to try to kill a federal agent. Counsel points out that although the plea agreement did not mention the alleged murder attempt, it did specify that the government would present all matters in aggravation relevant to sentencing. Counsel further notes that the attempt was included in the presentence report, and that the court's adoption of this finding resulted in an offense level (before adjustment for acceptance of responsibility) of 34—the level to which Lowe agreed in the plea agreement. Counsel is correct that challenging the court's adoption of this finding would be frivolous.

■ Finally, counsel considers whether Lowe could challenge the district court's decision to impose its sentence consecutive to the sentences Lowe was already serving for drug trafficking. As counsel notes, U.S.S.G. § 5G1.3(c) gives district courts broad discretion to choose between concurrent and consecutive sentences to achieve a reasonable punishment. *See United States v. Dvorak*, 115 F.3d 1339, 1344 (7th Cir.1997). The court should, however, consider certain factors, including the seriousness of the offense and the need to protect the public. *See* Application Note 3; 18 U.S.C. § 3553(a)(2)(A), (C). In this case, the court found that Lowe attempted to kill a federal agent, that he was a danger to the community, and that rehabilitation was unlikely. We therefore agree with counsel that it would be frivolous to challenge the court's exercise of its discretion in imposing its sentence consecutive to Lowe's other sentences.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal. We deny Lowe's request that we appoint substitute counsel.